UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $73,141.32 IN U.S. CURRENCY | § | |
| Defendant. | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

United States of America, Plaintiff, files this action for forfeiture against $73,141.32 in United States currency and on information and belief alleges the following:

*Nature of the Action*

1. This civil action in rem is being brought to enforce the provisions of the civil forfeiture statutes 8 U.S.C. § 1324(b)(1) and 18 U.S.C. §§ 981(a)(1)(A) and (C) for violations of 8 U.S.C. § 1324(b)(1) and 18 U.S.C. §§ 1546 and 1957.

2. Under 8 U.S.C. § 1324(a)(iv), it is a crime for any person to illegally encourage or induce an alien to come to, enter, or reside in the United States.

3. Under 18 U.S.C. § 1546 it is a crime for any person to fraudulently obtain and misuse an immigrant or non-immigrant visa.

4. Under 18 U.S.C. § 1957(a) it is a crime to knowingly engage or attempt to

engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from a specified unlawful activity.

5. A violation of 8 U.S.C. § 1324(a)(iv) and 18 U.S.C. § 1546 are specified unlawful activities.

6. The gross proceeds of a violation of 8 U.S.C. § 1324 are subject to civil forfeiture under 8 U.S.C. § 1324(b)(1).

7. Any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957 is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A).

8. Any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting a specified unlawful activity and a conspiracy to commit such offense is subject to civil forfeiture under 18 U.S.C. § 981(a)(1)(C).

*Jurisdiction and Venue*

9. This Court has jurisdiction pursuant to 28 U.S.C. §1355 because this is an action for forfeiture under 8 U.S.C. § 1324(b)(1) and 18 U.S.C. §§ 981(a)(1)(A) and (C).

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355 and 1395 (a) and (b) because the acts or omissions giving rise to the forfeiture occurred in

the Southern District of Texas, the property was found and is located in the Southern District of Texas, and this forfeiture cause of action accrued in the Southern District of Texas.

*Defendant in Rem*

11. The Defendant in rem is $73,141.32, more or less. The Defendant was seized on June 28, 2007, pursuant to a seizure warrant from the JP Morgan Chase Bank in Brownsville, Texas. The funds were in a certificate of deposit account #xxxxxxx0060 belonging to Kapila Patel and Mahendrakumar Patel. The funds are presently in the custody of the U.S. Department of Homeland Security in Brownsville, Texas.

*Facts*

12. In 2006 law enforcement agents with the U.S. Department of Homeland Security, began an investigation of Mahendrakumar Patel, also known as Mack Patel and Mahendra K. Patel, and others for the alleged illegal smuggling of aliens in violation of 8 U.S.C. § 1324. The agents investigated the involvement of Mr. Patel and others in fraudulently obtaining H2-B non-immigrant visas for eighty-eight Indian nationals who entered the United States without any intention of maintaining their legal status as H2-B non-immigrant beneficiaries.

13. On August 17, 2005, Charles Keith Viscardi, owner and manager of

Viscardi Industrial Services, LLC, ("Viscardi Services"), in New Iberia, Louisiana submitted a petition to the U.S. Citizenship and Immigration Services for 150 foreign laborers to come to the United States to work for Viscardi Services as general non-skilled workers on a temporary or seasonal basis. Eighty-eight H2-B non-immigrant visas were issued to Indians nationals in Mumbai, India, from February 17, 2006, to March 7, 2006. The Indian nationals, who received the visas to come to the United Stats to work for Viscardi Services, arrived in the United States between February 27, 2006, and March 31, 2006. None of these Indian nationals went to work for Viscardi Services.

14. Mr. Patel was a part of the scheme to smuggle Indian nationals into the U.S. on the H-2B temporary work visas. On March 6, 2007, this was confirmed when Mr. Patel discussed his participation in the scheme to smuggle Indian nationals into the U.S. on the H-2B temporary work visas. In this discussion he stated that he believed that 88 to 90 Indian nationals came into the country on visas obtained under Viscardi Services' petition.

15. Two of the Indian nationals, who traveled to the United States on the H2-B visas issued under Viscardi Services' petition, told law enforcement agents that they each agreed to pay 30 *lakh*, which is approximately $68,000 in U.S. dollars, for their visas.

16. On May 15, 2007, law enforcement agents, pursuant to a search warrant, searched Mr. Patel's residence and found a signed written agreement between Mr. Viscardi and Mr. Patel which stated that "The Patels agrees [sic] to pay $20,000 for each person with the H2B visa under the sponsoring company - Viscardi Industrial Services." The agents also found a handwritten note with the names of Mr. Viscardi and Mr. Patel. On this note next to the name "Mack"was the amount "124,600." Mahendrakumar Patel is also known as Mack.

17. After the arrival of the 88 Indian nationals in February and March 2006, Mr. Patel and his wife, Kapila Patel, opened a JP Morgan Chase Bank certificate of deposit account #xxxxxxx0060. The account was opened in April 2006, with $70,000 in cashier's checks, traveler's checks, and money orders. These checks and money orders were purchased in locations where the 88 Indian nationals with the fraudulently obtained visas eventually settled in the United States.

18. Law enforcement agents obtained evidence that established that the Indian nationals paid for their illegal entry into the United States with cashier's checks, traveler's checks and money orders.

*Relief Requested*

19. The Plaintiff request the forfeiture of Defendant $73,141.32 as gross proceeds of a violation of 8 U.S.C. § 1324, as proceeds of a violation of 18 U.S.C.

§§ 1546 and 1957, and as funds involved in a violation of 18 U.S.C. § 1957.

20. The Plaintiff request:

    a. The issuance of arrest warrants and summons, citing all persons having an interest in the defendant property to appear on the return day of process by filing a claim and answer pursuant to Rule G(5), Supplemental Rules for Certain Admiralty and Maritime Claims, or as ordered by this Court,

    b. A judgment of forfeiture, and

    c. Costs and other relief to which the Plaintiff may be entitled.

Respectfully submitted,

Donald J. DeGabrielle
United States Attorney

By: /s/ Albert Ratliff
Albert Ratliff
Attorney-in-Charge
NY Bar No. 1073907
SDTX Bar No. 6764
Assistant United States Attorney
United States Attorney's Office
P. O. Box 61129, Houston, Texas  77208
Office (713) 567-9579; Fax (713) 718-3300

## VERIFICATION

I, Ron C. Estrabo, Special Agent, United States Immigration and Customs Enforcement, declare under penalty of perjury as provided by 28 U.S.C. §1746 that

I have read this Verified Complaint for Forfeiture in Rem, and the facts stated in this complaint are true and correct to the best of my knowledge and belief. Executed on November 9, 2007.

_____
Ron C. Estrabo, Special Agent
U. S. Immigration and Customs Enforcement